**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGGIE WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-867 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AURORA, a municipal | ) | |
| corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, REGGIE WALLS, by and through his counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, complains of Defendant CITY OF AURORA, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq. and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant has its principal places of operation in this District, Plaintiff and Defendant reside and are domiciled in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and employed by Defendant in this District.

**PARTIES**

3. Plaintiff, REGGIE WALLS ("Plaintiff"), is and was at all times relevant to this Complaint an adult African-American employed by Defendant, CITY OF AURORA, in its police

1

department located at 1200 E. Indian Trail Rd., Aurora, Kane County, Illinois. Plaintiff was harmed by Defendant in this District.

4. Defendant CITY OF AURORA is a municipal corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Aurora, Illinois. Further, Defendant is an "employer" as defined by Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 2, 2021, Plaintiff timely filed a Charge of Discrimination alleging race discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2021-02682.

6. On November 19, 2021, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue, as to his Title VII claims, allowing him 90 days in which to file suit.

7. Therefore, Plaintiff's Complaint is being filed in a timely manner and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff is an African-American ("Black").

9. Defendant was apprised of Plaintiff's race.

10. On or about December 29, 1997, Plaintiff was hired by the Aurora Police Department (Aurora, IL), and remained employed until his recent retirement on January 31, 2022. Throughout his entire twenty-four (24) year career with Defendant, Plaintiff was a Patrol Officer and had been denied the opportunity to be promoted to Sergeant.

11. At all times all times relevant to the Complaint, Plaintiff performed his job satisfactorily, within Defendant's legitimate expectations.

12. At all times relevant to this Complaint, Kristen Ziman was Aurora Police Department Chief of Police. Chief Ziman is no longer an employee of Defendant.

13. White officers consistently receive higher promotional ratings than African-American officers. The ratings of all officers over the most recent two promotional processes revealed that no African-American officer was given an initial rating of 100.

14. In fact, White officers have been protected by not immediately reporting and not conducting investigations of their policy violations to ensure their promotions, violating Aurora Police Department policy.

15. At all times relevant to this Complaint, there were no African-American sergeants in the Aurora Police Department. However, recently, and after filing his Charge of Discrimination, one person was promoted to sergeant, only after having to appeal his promotional rating.

16. Further, former Police Chief Ziman herself has admitted to discrimination within the department.

17. Throughout Plaintiff's employment at the Aurora Police Department, because of his race, Plaintiff has been treated differently than his white co-workers, including being unfairly rated in evaluations and passed over for promotions.

18. Thus, because of his race, African-American, Plaintiff was subjected to disparate treatment and discrimination.

### COUNT I – RACE DISCRIMINATION / FAILURE TO PROMOTE
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

19. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

20. Plaintiff, as an African-American, is a member of a protected class.

21. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

22. Plaintiff apprised Defendant of his race, African-American.

23. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory workplace and for refusing to promote and discriminating against him for the same and would not have done so had Plaintiff not been African-American and everything else having been the same.

24. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

25. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

26. Defendant's continued discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, REGGIE WALLS, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendants violated Title VII;

B. Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

      D.      Order Defendants to pay the Plaintiff compensatory damages;

      E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

      F.      Award the Plaintiff his reasonable attorney's fees and costs; and

      G.      Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  February 16, 2022

                                                                    /s  Antonio L. Jeffrey
                                                                       Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com